*583 OPINION.
Lansdon :
The contract between Gillette and Chatterton was clearly one of sale and purchase of the business theretofore owned solely by the former. The selling price was to be a portion of the profits spread over a period of ten years, to be paid as earned. During this period expenses and profits were to be shared; but no vested interests accrued either to Chatterton or his personal representatives in the business before the expiration of this term, and then only on condition that he fulfill all of his obligations under the contract. At the end of this term, Chatterton having complied with all of his terms of the obligations, and having paid to Gillette or his successor in interest that portion of the profits agreed upon, Gillette or his successor was obligated to convey unto Chatterton, by bill of sale, the business and good will, together with all office furniture, fixtures and equipment, except a small safe which was reserved. Petitioner, under the terms of the will of her late husband Gillette, became his successor in interest to this contract, and as such she was entitled to receive the deferred payments upon the purchase price of said business under its terms. In accordance with its terms, she will be obliged to execute the conveyance of said business to Chatterton at the proper time, and thus carry out the intent of the parties thereto. As successor to these rights, petitioner ivas fully competent to enter into the contract of January, 1923, with Chatterton, modifying the terms of said contract affecting future payments, and such act in no way affected rights involved herein. The payments, therefore, made and to be made by Chatterton to petitioner, in accordance with these contracts, are parts *584 of the purchase price of the business, and no income to her can result therefrom until the amounts thereof exceed $57,000. Cf. Willard C. Hill, 14 B. T. A. 572.
Reviewed by the Board.

Decision will be entered for the fetitioner.

Mmíquette, SteRNI-iageN, Arundell, and Muedock dissent.